THE HILL FIRM,LLC
Bilal Hill, Esq.
License # - 030302012
415 Amwell Road Suite #207
Hillsborough, NJ 08844
Office: 908-333-6800
Mobile: 914-319-2261
Fax: 855-638-5583
BilalHill@LawNJNY.com
*Attorney for Plaintiff*

|  |  |
|---|---|
| MICHAEL OMAN WASHINGTON: | UNITED STATES DISTRICT COURT DISTRICT OF NEW JERSEY |
| Plaintiff, | |
| vs. | Docket No: |
| THE PLAINFIELD BOARD OF EDUCATION, ANNA BELIN-PYLES, SCOTT BUCKHOLDER, JEAN MARIE GORDON | CIVIL ACTION |
| Defendants, | **COMPLAINT AND JURY DEMAND** |

MICHAEL OMAN WASHINGTON, an individual residing at 334 Johnston Ave, Plainfield, NJ 07062 complaining of the defendants says:

## NATURE OF THE ACTION

1. This action is brought to recover compensatory and punitive damages for retaliation pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA"), and the New Jersey Conscientious Employee Protection Act ("CEPA"), N.J.S.A. 34:19-1 et seq.

2.  This action is further brought to recover compensatory and punitive damages for racial discrimination in violation of the New Jersey Law Against Discrimination N.J.S.A. 10:5-1 to 49 et seq.

## JURISDICTION

3.  This Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1337, and has supplemental jurisdiction over plaintiff's claims under the CEPA pursuant to 28 U.S.C. §§ 1332 and 1367.

## VENUE

4.  Venue is proper in the District of New Jersey under 28 U.S.C. § 1391, as the Plainfield Board of Education's location where plaintiff worked is located in the District of New Jersey.

## THE PARTIES

### Plaintiff

5.  MICHAEL OMAN WASHINGTON, resides in Plainfield, New Jersey.  He has been employed with the Plainfield Board of Education since 1994 in various roles.

### Defendant

6.  Plainfield Board of Education is a local educational service agency.  It has its principal office at 1200 Myrtle Avenue, Plainfield, New Jersey 07060.

7.  Anna Belin-Pyles is a natural person who is the Superintendent for the Plainfield Board of Education.  Ms. Belin-Pyles' address is; Plainfield Public Schools, 1200 Myrtle Ave., Plainfield, NJ 07063.  Anna Belin-Pyles is a "person" within the meaning of the FLSA and CEPA, and is sued individually in her capacity as Superintendent of the Board of Education.  Anna Belin-Pyles exercises sufficient control over the Plainfield Board of

Education operations to be considered plaintiff's employer under the FLSA and CEPA and at all times material herein were involved in the decision making for the actions complained of below. Anna Belin-Pyles is personally, jointly and severally liable for the violation of the FLSA and CEPA by the Plainfield Board of Education.

8. Scott Burkholder is a natural person who is the Principal for Jefferson Elementary School. Scott Burkholder's address is; 1750 West Front Street, Plainfield, NJ 07063. Scott Burkholder is a "person" within the meaning of the FLSA and CEPA, and is sued individually in his capacity as Principal for Jefferson Elementary School and agent for the Plainfield Board of Education. Scott Buckholder exercises sufficient control over Jefferson Elementary School operations to be considered plaintiff's employer under the FLSA and CEPA and at all times material herein were involved in the decision making for the actions complained of below. Scott Buckholder is personally, jointly and severally liable for the violation of the FLSA and CEPA.

9. Dr. Jean Marie Gordon is a natural person who is the Supervisor of Science and Technology for the Plainfield Board of Education. Dr. Gordon's address is; Plainfield Public Schools, 1200 Myrtle Ave., Plainfield, NJ 07063. Dr. Jean Marie Gordon is a "person" within the meaning of the FLSA and CEPA, and is sued individually and in her capacity as Supervisor of Science and Technology of the Plainfield Board of Education. Dr. Gordon exercises sufficient control over the Plainfield Board of Education operations to be considered plaintiff's employer under the FLSA and CEPA and at all times material herein were involved in the decision making for the actions complained of below. Dr. Jean Marie Gordon is personally, jointly and severally liable for the violation of the FLSA and CEPA by the Plainfield Board of Education.

10. At all relevant time, defendants have been plaintiff's employers within the meaning of FLSA and CEPA. Defendants have the power to hire and fire plaintiffs, and control plaintiffs' terms and conditions of employment.

## FACTS COMMON TO ALL COUNTS

11. Plaintiff first began working for the Plainfield Board of Education in September 1994 as the sixth grade classroom teacher for the Cedarbrook Elementary School.

12. Plaintiff started at Jefferson Elementary School in September 2009 as sixth grade classroom teacher.

13. In June 2013 Plaintiff became Plainfield Educational Association Grievance Chair. Plainfield Education Association is the teacher's union for Plainfield public school teachers.

14. On or about September 2013 Jefferson Elementary, Clinton Elementary and Plainfield Public Schools HR Department hired Adrienne Cusick as Resource Room Teacher. Prior to first reporting to Jefferson to work, Ms. Cusick first reported to work at Clinton.

15. Soon after Adrienne Cusick started at Jefferson Elementary School (on a split daily schedule between two schools), she approached Plaintiff in his capacity as Grievance Chair and asserted that the Principal at the other school, Delores BrownJohnson, allowed a student to become classified as a special needs student who did not meet the criteria as a special ed student. Additionally, Ms. Cusick claimed that Ms. Brown-Johnson directed Ms. Cusick to begin working with said special needs student prior to her official start date as an employee. Ms. Cusick explained that she was not yet an official BOE employee and had other matters to address on the first two days of

school. She requested not to report to Clinton or Jefferson on those days, but that she was coerced by Ms. BrownJohnson to report to work, even though this would require Ms. Cusick to look at student files notwithstanding the fact that she had yet to become an employee. Plaintiff advised Ms. Cusick that he would bring this matter to the Union President. In November 2013 Plaintiff officially reported this matter to the Attorney for the Board of Education, Charles Craig.

16. In September 2013 Plaintiff received an email from Adrienne Cusick stating that the composition books that Plaintiff had previously ordered for and distributed to his students were going to be used by Ms. Cusick for her purposes and that if Plaintiff wished, he could purchase new ones. Plaintiff objected since the books were purchased for his students, for use in his courses.

17. On October, 25, 2013 in the staff lounge, after the Principle had advised the parties to minimize interaction with each other, Ms. Cusick approached Plaintiff to discuss her new work hours and soon began berating him and yelling. Plaintiff asked Ms. Cusick to immediately discontinue communication, consistent with the Principle's request. Ms. Cusick continued to talk and Plaintiff informed her that she was harassing him. The same day Plaintiff brought the matter to the Principal detailing Ms. Cusick's harassing behavior.

18. On or about Wednesday October 29, 2013 Ms. Cusick filed a discrimination complaint against Plaintiff with the Plainfield Board of Education. Part of the complaint read to him by Asst. Superintendent Morales on October 31, 2013 alleged that Plaintiff called Ms. Cusick a "silly little white girl."

19. On or about Friday October 31, 2014 Plaintiff was called into a meeting with the Plainfield Board of Education, during which Plaintiff declined to answer questions until he was able to seek counsel. The Board informed Plaintiff that he was being removed from his classroom and assigned to a Staff Training Room of the Board of Education Administration Building. This is commonly referred to as a "rubber room" in which Plaintiff effectively does nothing. Plaintiff remained in this room from November 3, 2013 to May of 2014.

20. Plaintiff filed a counterclaim against Ms. Cusick on or about October 31, 2013, however, Ms. Cusick was never assigned to any "rubber room" or removed in any way from her job pending the investigation of Plaintiff's claim.

21. The Board of Education concluded their investigation on or about the end of February 2014, with no wrong doing found on either party. Plaintiff and Ms. Cusick were required to attend mediation conducted by Superintendent Belin-Pyles, after which Ms. Belin-Pyles claimed Plaintiff would be allowed to return to his classroom.

22. On or about March 2014 one mediation session occurred at the end of which the mediator asked if both parties were capable of working together and Plaintiff stated that he was but Ms. Cusick stated that she wasn't. During that session, Ms. Belin-Pyles heard obvious lies from Cusick, two of which contradicted emails that Belin-Pyles was viewing in her hand, at the time. At the conclusion of the session, Belin-Pyles assigned plaintiff back to the "rubber room" for two more months instead of being allowed to return to his classroom.

23. The Board pressured Plaintiff to take The Technology Resource Teacher position and drop two Unfair Labor Practice claims against Margaret Morales and Anna Belin-Pyles, in order for Plaintiff to be removed from the "rubber room".

24. Plaintiff after first attempting to transition back into his classroom teaching role at Jefferson, later, under duress, consented to taking the new position and dropping one of the Unfair Labor Practice complaints against Anna Belin-Pyles.

25. Plaintiff was subjected to very contentious, hostile, provocative, condescending treatment from his new supervisor Dr. Jean Marie Gordon.

26. In June 2014 Plaintiff, in his capacity as Grievance Chair for the Union, investigated a termination attempt of a member and in doing so, discussed Gordon's role in intimidating IT Department staff. Three days later, Gordon admitted formally reprimanding Plaintiff due to his union investigation and for calling for a rep when she questioned him about it.

27. Dr. Gordon underwent a pattern of retaliation whenever Plaintiff exercised his rights as Union Rep, including offering a paid Summer role for Plaintiff and then subsequently retracting it.

28. In June 2014 and September 2014 Plaintiff filed a complaint about this retaliation that he's been subjected to from Dr. Gordon and this action resulted in Plaintiff's responsibilities being taken from him and his role being considerably marginalized. Juxtapose the way Plaintiff is treated when he is the recipient of the complaint as compared to when he is the one making the complaint. In both cases Plaintiff is relegated to a "rubber room" and stripped of his responsibilities.

29. Plaintiff has suffered mental anguish, stress, professional embarrassment, ostracism, as a result of Defendant's conduct.

## FIRST CLAIM

### (Retaliation Under the Fair Labor Standards Act)

30. Plaintiff repeats and re-alleges paragraph 1 through 25 of this complaint as if fully set forth herein.

31. Defendants have willfully violated the anti-retaliation provisions of the FLSA, which prohibit "any person" from "discharging or in any other manner discriminating against an employee because that employee has engaged in protected conduct." 29 U.S.C. § 215(a)(3).

32. Plaintiff is an "employee" within the meaning of 29 U.S.C. §§ 203(a) and 215(a)(3).

33. Defendant Anna Belin-Pyles and Scott Buckholder are "persons" within the meaning of 29 U.S.C. §§ 203(e)(1) and 215(a)(3), and subject to individually liability for retaliatory conduct.

34. Plaintiff engaged in protected conduct by filing Unfair Labor Practices complaints against his supervisors.

35. Ms. Cusick's complaint against Plaintiff was frivolous and did not warrant the treatment Plaintiff received from Defendant's, moreover attributing said treatment to Plaintiff's issues with Ms. Cusick was a pretext, as the real reason Plaintiff was relegated to a rubber room for seven months was retaliation to Plaintiff two Unfair Labor Practices. Further evidence of this was the Defendant's requirement that Plaintiff drop the ULPs in order to be released from the "rubber room."

36. As a result of Defendants' ongoing retaliatory activities, Plaintiff has suffered and will continue to suffer substantial losses, including but not limited to, lost income, harm to reputation, and emotional distress.

37. Defendant's acted intentionally and with malice and reckless indifference to Plaintiff's rights under the FLSA and are thereby liable to Plaintiff for punitive damages under the FLSA.

## SECOND CLAIM

### (Retaliation Under CEPA)

38. Plaintiff repeats and re-alleges paragraphs 1 through 34 of this complaint as if fully set forth herein.

39. Plaintiff is an employee and Defendants are employers under the CEPA, N.J.S.A. 34:19-2.

40. Plaintiff filed Unfair Labor Practices complaints which he reasonably believed were in violation of the law and is a protected activity under the CEPA, N.J.S.A. § 34:19-1, et seq.

41. Ms. Cusick's complaint against Plaintiff was frivolous and did not warrant the treatment Plaintiff received from Defendant's, moreover attributing said treatment to Plaintiff's issues with Ms. Cusick was a pretext, as the real reason Plaintiff was relegated to a rubber room for seven months was retaliation against Plaintiff's two Unfair Labor Practices. Further evidence of this was the Defendant's requirement that Plaintiff drop the ULPs in order to be released from the "rubber room."

42. As a result of Defendants' retaliatory activities, Plaintiff has suffered and will continue to suffer substantial losses, including but not limited to, lost income, harm to reputation, and emotional distress.

43. Plaintiff is entitled to equitable relief, monetary relief including but not limited to compensatory and other damages, reasonable attorneys' fees and costs, punitive damages, and other appropriate relief.

## THIRD CLAIM

### (Racial Discrimination in Violation of the NJLAD)

44. Plaintiff repeats and re-alleges paragraphs 1 through 39 of this complaint as if fully set forth herein.

45. At all times pertinent hereto, defendants discriminated against plaintiff by treating him differently from his non-Black co-workers due to his race.

46. Defendants' actions constitute discrimination in violation of the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 et seq.

47. As a result of defendants' actions, plaintiff suffered economic damages, emotional distress with associated physical distress symptoms.

48. Defendants' conduct was egregious, willful and wanton and in reckless disregard for plaintiff's rights and involved the leadership of the Plainfield Public School System, for which punitive damages are appropriate.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment:

a. declaring that the acts and practices complained of herein are in violation of the FLSA and the CEPA;

b.  enjoining and permanently restraining these violations of the FLSA and the

CEPA;

c.  declaring that defendants' violations of the FLSA and CEPA were willful;

d.  awarding Plaintiff compensatory damages, damages for emotional distress and

harm to reputation, liquidated damages, and punitive damages;

e.  to award pre-judgment and post-judgment interest;

f.  to award reasonable attorneys' fees and costs pursuant to the FLSA and

CEPA;

g.  to issue a formal apology to Plainitff; and

h.  to award such other and further relief as the Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial

by jury in this action.

The Hill Firm, LLC

By: Bilal Hill, Esq.

Dated: February 11, 2015