NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL OMAN WASHINGTON,<br><br>Plaintiff,<br><br>v.<br><br>THE PLAINFIELD BOARD OF EDUCATION, ANNA BELIN-PYLES, SCOTT BUCKHOLDER, JEAN MARIE GORDON,<br><br>Defendants. | Civil Action No. 15-1431 (SRC)<br><br>**OPINION & ORDER** |

**CHESLER**, District Judge

This matter comes before the Court upon two motions: Plaintiff's motion for entry of default judgment [Docket Entry No. 5] and Defendants' motion to vacate default, pursuant to Federal Rule of Civil Procedure 55(c) [Docket Entry No. 9]. For the reasons set forth below, the Court will **GRANT** Defendants' motion to vacate default, and it will **DENY** Plaintiff's motion for entry of default judgment.

On February 24, 2015, Plaintiff Michael Oman Washington ("Plaintiff") filed a Complaint alleging claims under the Fair Labor Standards Act, the New Jersey Conscientious Employee Protection Act, and the New Jersey Law Against Discrimination against the Plainfield Board of Education and individual defendants, Anna Belin-Pyles, Scott Buckholder, and Jean Marie Gordon (collectively, "Defendants"). Defendants did not answer or respond to the Complaint. On May 29, 2015, Plaintiff requested that the Clerk of the Court enter defaults against Defendants, which

was done on June 1, 2015 [Docket Entry No. 4].  On July 7, 2015, Plaintiff moved for entry of default judgment [Docket Entry No. 5].  Before the motion was adjudicated, Defendants entered an appearance in this action, through counsel, and on August 26, 2015, filed a motion to vacate default [Docket Entry Nos. 7, 9].  Plaintiff opposed the motion.

Federal Rule of Civil Procedure 55(c) authorizes the Court to set aside an entry of default for good cause.  In exercising its discretion, the Court must consider the following three factors: (1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; and (3) whether culpable conduct of the defendant led to the default.  *Feliciano v. Reliant Tooling Co.*, 691 F.2d 653, 656 (3d Cir. 1982).  The United States Court of Appeals for the Third Circuit disfavors defaults in advance of the policy of deciding cases on the merits whenever practicable.  *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194-95 (3d Cir. 1984).

The Court finds that all factors weigh in favor of setting aside the default.  First, Plaintiff will not be prejudiced.  The question of prejudice relates to the loss of available evidence, increased potential for fraud or collusion, or substantial reliance on the default judgment.  *Feliciano*, 691 F.2d at 657.  Concerns stressed by the Plaintiff such as the expenditure of attorney fees, the move of one Defendant to a different school system, delay in discovery, and humiliation in connection with being placed on inactive status do not hinder Plaintiff's ability to pursue his claims.  Further, Defendants have presented at least one meritorious defense.  Defendants contend that Plaintiff's numerous disciplinary problems justified the adverse employment actions that may have been taken against the Plaintiff.  These facts, if true, show a colorable defense to the litigation.  Defendants do not have to establish that they will win at trial, only that the "proffered defense is not 'facially unmeritorious.'"  *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987) (quoting *Gross v. Stereo Component Sys., Inc.*, 700 F.2d 120, 123 (3d Cir. 1983)).  Finally, the

2

Court finds no culpable conduct by Defendants.  Defendants attribute their failure to respond to the Complaint to counsel's error, which they sought to remedy within a short time from the entry of default.  Culpable conduct involves "more than mere negligence," and the record contains no evidence of willfulness or bad faith.  *Hritz v. Woma Corp.*, 732 F.2d 1178, 1182-83 (3d Cir. 1984).

Accordingly,

**IT IS** on this 14th day of October, 2015,

**ORDERED** that Plaintiff's motion for entry of default [Docket Entry No. 5] is **DENIED** and Defendants' motion to vacate the default [Docket Entry No. 9] is **GRANTED**; and it is further

**ORDERED** that the Clerk's entry of default [Docket Entry No. 4] is hereby **VACATED**.

  s/Stanley R. Chesler
STANLEY R. CHESLER
United States District Judge