**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

Civil Action No. 2:15-CV-01431-SRC-CLW

_____

                              :

MICHAEL OMAN WASHINGTON,         :

           Plaintiff,       :

                              :

   -vs-

                              :

THE PLAINFIELD BOARD OF
EDUCATION, ANNA BELIN-PYLES,   :
SCOTT BUCKHOLDER, JEAN MARIE
GORDON                            :

           Defendants.     :

                              :

                              :

_____

**REPLY BRIEF TO THE OPPOSITION OF PLAINTIFF, AND IN FURTHER
SUPPORT OF DEFENDANTS, PLAINFIELD BOARD OF EDUCATION, ANNA
BELIN-PYLES, SCOTT BUCKHOLDER AND JEAN MARIE GORDON'S
MOTION TO DISMISS THE COMPLAINT IN LIEU OF AN ANSWER**

_____

                                       **FRANCESCO TADDEO, LLC (FT6867)**
                                         Attorney Id. No. 012212001
                                         31 East High Street
                                         Somerville, New Jersey 08876
                                         (908) 526-1088
                                         Attorneys for Defendants,
                                         Plainfield Board of Education,
                                         Anna Belin-Pyles, Scott
                                         Buckholder and Jean Marie Gordon

FRANCESCO TADDEO
Of Counsel and On the Brief

## STATEMENT OF THE CASE

This brief is submitted on behalf of Defendants, Plainfield Board of Education, Anna Belin-Pyles, Scott Buckholder and Jean Marie Gordon (hereinafter collectively referred to as "Defendants" and/or "Plainfield BOE"), in support of their Motion to Dismiss the Plaintiff's Complaint for a failure to state a claim for which relief may be granted as a matter of law.  It will be demonstrated in the arguments presented herein that all three Counts in the Plaintiff's Complaint are legally deficient in numerous ways, each of them fatal to those claims as set forth in the Complaint.  Defendants maintain that the subject claims which it seeks dismissal of are deficient as a matter of law on their face and should be dismissed accordingly.

Plaintiff, Michael Oman Washington, (hereinafter referred to as "Plaintiff" or "Washington"), has filed a Complaint directly in the Federal Court with several Counts alleging claims for retaliation under the Fair Labor Standards Act ("FLSA")(First Count/Claim); retaliation under the New Jersey Conscientious Employee Protection Act ("CEPA")(Second Count/Claim), and racial discrimination under the New Jersey Law Against Discrimination ("LAD")(Third Count/Claim).

Initially, Plaintiff's allegations brought pursuant to the Federal Fair Labor Standards Act must be dismissed as same are erroneously pled without any substantiated basis pled as to fact or law.  There was no Federal FLSA violation, no claim pled, and no facts to support even a potential allegation thereunder.

Secondly, Plaintiff's Count brought pursuant to CEPA must be dismissed as a matter of law because the allegations have clearly been brought outside the one-year statute of limitations. Moreover, these poorly pled and bare allegations should not be heeded by the Court and dismissed accordingly.  There is clearly no "whistleblowing" that occurred by the Plaintiff nor is anything pled in the Complaint remotely legally cognizable for purposes of sustaining a legally viable claim.  Even after a cursory review of the facts in this matter abundantly evidence that none of Plaintiff's alleged claims can stand on their face.

Lastly, Plaintiff asserts a claim for racial discrimination in violation of the New Jersey Law Against Discrimination. As with the previously discussed Counts, a review of the facts in the matter *sub judice* do not contain any facts that would sustain a claim of this nature. In fact, the only claim Plaintiff references that has to do with race is the allegation that he called a colleague a "silly little white girl."  This is hardly a basis to maintain such a serious cause of action.

In conclusion, Defendants maintain that there is no legal basis for the continued presence of the above mentioned claims, and respectfully submits that <u>all</u> such claims be dismissed from the instant action as a matter of law, and the Defendants' Motion to Dismiss be granted based upon the arguments set forth herein.

**STATEMENT OF FACTS**

1.   Plaintiff, Michael Oman Washington, resides in Plainfield, New Jersey, and has been employed with the Plainfield Board of Education since at least 1994. See Plaintiff's Complaint (hereinafter referred to as "Complaint"), attached to the Certification of Francesco Taddeo, Esq. ("Taddeo Certification") as Exhibit "A" at ¶ 5[1].

2.   Defendant Plainfield Board of Education is local education agency having its principal place of business at 1200 Myrtle Avenue, Plainfield, New Jersey. See Complaint, Exhibit "A" at ¶ 6.

3.   Defendant Anna Belin-Pyles is the Superintendent of the Plainfield Board of Education and a Defendant in this action. See Complaint, Exhibit "A" at ¶ 7.

4.   Defendant Scott Buckholder was the Principle of the Jefferson Elementary School and a Defendant in this action. See Complaint, Exhibit "A" at ¶ 8. Although a named Defendant in the Complaint, no allegations against Buckholder are specifically alleged against him.

---

[1] Hereinafter, references to the exhibits refer to the Complaint attached to the Certification of Francesco Taddeo, Esq., submitted by Defendants herewith in support of its Motion to Dismiss Plaintiff's Complaint. The Statement of Material Facts is based only on the Complaint and assumes the allegations to be true only for purposes of the within motion.

5.     Defendant Jean Marie Gordon is the Supervisor of Science and Technology for the Plainfield Board of Education and a Defendant in this action.  See Complaint, Exhibit "A" at ¶9.

6.     Plaintiff filed the instant matter on or about February 24, 2015 in the United States District Court for the District of New Jersey.  See Complaint, Exhibit "A."

7.     Plaintiff asserts several claims against Defendants in his Complaint.   In the First Count, Plaintiff contends that Defendants retaliated against him for filing unfair labor practices pursuant to the Fair Labor Standards Act ("FLSA").   See Complaint, Exhibit "A" at ¶ 31-34.

8.     In the Second Count, Plaintiff contends that Defendants retaliated against him for filing unfair labor practices pursuant to the Conscientious Employee Protection Act (hereinafter referred to as "CEPA"). See Complaint, Exhibit "A" at ¶ 39-41.

9.     In the Third Count, Plaintiff contends that Defendants discriminated against him based upon his race, in violation of the New Jersey Law Against Discrimination ("LAD").   See Complaint, Exhibit "A" at ¶ 45-46.

10.  After Plaintiff filed the case, an Answer was not filed by Defendants.  On May 29, 2015, Plaintiff requested default be entered against Defendants, which occurred on June 1, 2015.  On July 7, 2015, Plaintiff moved for entry of Default Judgment.

4

However, Defendants entered an appearance and moved to vacate default.  This Court granted the relief sought by defendants, vacating default and denying Plaintiff's request for entry of default judgment.  See Opinion and Order, Exhibit "B".

11.  Defendants now file this instant Motion to Dismiss in lieu of an Answer.

For the reasons set forth with more particularity herein, Defendants collectively and respectfully request that this Court dismiss Plaintiff's Complaint in its entirety for the reasons set forth herein.

**LEGAL ARGUMENT**

**POINT I**

**PLAINTIFF DID NOT OPPOSE DEFENDANT'S MOTION REGARDING THE FIRST COUNT OF THE COMPLAINT, AND THUS THE FIRST COUNT SHOULD BE DISMISSED AS A MATTER OF LAW**

The First Count of Plaintiff's First Count alleges that Defendants "willfully violated the anti-retaliation provisions of the Fair Labor Standards Act." See Complaint, Exhibit "A," First Claim at ¶ 31. Defendants indicated in their moving papers that based upon Plaintiff's alleged facts and causes of action, no cause of action exists under the FLSA.

Plaintiff's opposition does not raise a single legal argument to the contrary of Defendant's position that no cause of action exists as alleged by Plaintiff's First Count. Plaintiff has thus conceded the argument as a matter of law.

Thus, the First Count (Claim) of Plaintiff's Complaint should be dismissed accordingly as a matter of law.

**POINT II**

**PLAINTIFF'S SECOND COUNT SHOULD BE DISMISSED SINCE THERE IS NO SUFFICIENT CEPA CAUSE OF CTION ALLEGED AND HE FAILED TO PROVIDE NOTICE TO HIS EMPLOYER TO ADDRESS HIS ISSUES AS REQUIRED UNDER CEPA**

Plaintiff spends the majority of his opposition setting forth the legal standard of CEPA. However, as set forth in the

6

moving papers, CEPA was designed to prohibit retaliatory action by an employer against an employee who discloses or threatens to disclose an employer's illegal activities, testifies before a public body regarding an employer's violation of law, or refuses to participate in an employer's activity which the employee believes is illegal or in contravention of public health, safety, or welfare. Young v. Schering Corp, 275 N.J. Super 221, 234 (App. Div. 1994.  However, the opposition still sets forth no matter of public policy.  Plaintiff's Complaint states that his Unfair Labor Practice complaints constitute "protected activity" under CEPA.  See Complaint, Exhibit "A," First Claim at ¶ 40.  The Plaintiff states that there was "an oral argument with another teacher."  See Opposition at page 12.  Following that unsupported statement, he alleges that various trivialities occurred to him, like being treated in an "unprofessional manner." Id. Plaintiff filed Unfair Labor Practice Charges (one which was ruled to be not sufficient to issue as a complaint by PERC) against his superiors. Yet, there is no matter of public policy alleged in the Complaint and none set forth in Plaintiff's opposition to alter that perception.

Again, a matter of public policy must be alleged in order to survive a claim for CEPA.  CEPA was designed to protect employee "whistleblowers," and the statute makes it unlawful for

employers to take adverse employment action against employees who disclose, object to, or refuse to participate in certain action that the employees reasonably believe are either illegal or in violation of the public policy.

Furthermore, Plaintiff failed to work with the Plainfield Board of Education to engage in a process to address Plaintiff's alleged issue at hand. To enjoy the protection of CEPA, an employee who intends to report alleged wrongdoing to a public body, must in normal circumstances advise a supervisor, in writing, and give the supervisor a reasonable opportunity to correct the problem. See N.J.S.A. 34: 19-4; Abbamont v. Piscataway Twp. Bd. Of Educ., 269 N.J. Super 11, 22 (App. Div. 1993); aff'd, 138 N.J. 405 (1994). That was not done, and Plaintiff failed to address the issue whatsoever in his Complaint or in his opposition papers.

Thus, Plaintiff's CEPA claim contained within the Second Count must be dismissed as a matter of law.

## POINT III

### PLAINTIFF CANNOT MAINTAIN AN LAD RACIAL DISCRIMINATION COMPLAINT AND COUNT THREE SHOULD BE DISMISSED

Plaintiff maintains in the Third Count (Claim) that he has a racial discrimination claim under the New Jersey Law Against Discrimination ("LAD").

8

Plaintiff's Complaint has made a generic, unsupported claim of Defendants discriminating against Plaintiff by treating him differently than a non-black co-worker due to his race. Again, the only reference to racial discrimination is contained within that one sentence in the Third Count. See Complaint, Exhibit "A," at ¶ 45. There is nothing further in the Complaint, when viewed in the light most favorable to Plaintiff, that can even minimally substantiate that allegation. Such bare-boned allegations cannot, and should not stand. There is nothing to support the claim under the LAD, and certainly nothing alleged against any of the individuals.

Defendants will not again state the law as was set forth in its moving papers. In the LAD context, Plaintiff alleges that certain things happened to him in the Complaint. However, he repeatedly fails to list what did or did not occur to the other teacher with whom he had an oral disagreement. There is no such allegation in the Complaint, nor contained in his opposition to this Motion.

Plaintiff's Complaint that he had a disagreement with a fellow teacher at the Plainfield Board of Education, Adrienne Cusick, over general work issues. See Complaint, Exhibit "A," at ¶ 14-17. It was alleged that **Plaintiff** (not Defendants) called Cusick a "silly little white girl." See Complaint, Exhibit "A,"

9

at ¶ 18.  The Plaintiff was then called into a meeting in which he refused to answer questions. See Complaint, Exhibit "A," at ¶ 19. Plaintiff was subsequently reassigned to the staff training room in the Administration Building.  Id.

Plaintiff alleges to have filed a counterclaim against Cusick on or about October 31, 2013 however states that Cusick was never assigned to a room or removed from her job pending investigation of the Counterclaim.  Id. at 20.  Without addressing Plaintiff's admitted insubordination surrounding this incident, Plaintiff alleges that this exchange is enough to legally form the basis of the racial discrimination complaint.  This claim lacks even the basic allegations to substantiate any claim for discrimination.  It does not even specify as to what disparate treatment occurred, by whom and to what extent.  It is just a generalized statement.

There are solely mere, unsupported statement that he was treated one way and the other teacher was not.  But there are no facts or allegations set forth in the Complaint to elucidate what Plaintiff must allege legally to support his claims against a Motion to Dismiss. This cannot stand.

Regarding the individual Defendants, pursuant to the LAD, Plaintiff's supervisors or other individuals cannot be individually liable under the LAD, unless the person aided and

10

abetted in the alleged discriminatory conduct. Because the Plaintiff makes general accusations, it is hard to pinpoint the principal actor, but the individuals could not aid and abet his or her own alleged conduct and, therefore, the individuals are not individually liable under the LAD. Thus, at a minimum, the Complaint against the individual defendants should be dismissed as to maintain a claim against them is a legal impossibility.

The LAD prohibits unlawful employment practices or unlawful discrimination by *an employer*. N.J.S.A. 10:5-12a. That would be the Plainfield Board of Education. An employer "includes all persons as defined in subsection a . . . unless otherwise specifically exempt under another section of [the LAD], and includes the State, any political or civil subdivision thereof, and all public officers, agencies, boards or bodies." N.J.S.A. 10:5-5e. An employee's supervisor is not himself an "employer" of the plaintiff/employee under N.J.S.A. 10:5-12a and thus cannot be held liable pursuant to that section. Tarr v. Ciasulli, 181 N.J. 70, 82-83 (2004); Hurley v. Atlantic City Police Dep't, 174 F.3d 95, 125 (3d Cir. 1999).

N.J.S.A. 10:5-12e states that it is unlawful for a supervisor "to aid, abet, incite, compel or coerce the doing of any of the acts forbidden [under the LAD]." In order to hold a supervisor liable as an aider or abettor, a plaintiff must establish:

11

(1) *the party whom the defendant aids* must perform a wrongful act that causes an injury;

(2) the defendant must be generally aware of his role as part of an overall illegal or tortious activity at the time that he provides the assistance; and

(3) *the defendant must* knowingly and substantially *assist the principal violation.*

Tarr, supra, 181 N.J. at 84 (quoting Hurley, supra 174 F.3d at 127) (emphasis added).

The LAD authorizes principal liability against only an employer, and a supervisor may only be held liable for aiding and abetting the conduct of the principal (i.e., employer) and not for committing "principal" discriminatory conduct.  In other words, the "alleged principal wrongdoer *cannot aid and abet his own wrongful conduct*."  Newsome v. Administrative Office of the Courts, 103 F. Supp. 2d 807, 823 (D.N.J. 2000) (emphasis added).

Consequently, all LAD claims asserted against the individuals should be dismissed.  Accordingly, the Court should dismiss the Third Count (Claim) as a matter of law.

## **CONCLUSION**

Based upon the foregoing, Defendants, Plainfield Board of Education, Anna Belin-Pyles, Scott Buckholder and Jean Marie Gordon, respectfully submit that all Counts of the Plaintiff's Complaint against Defendants be dismissed in their entirety as a matter of law.

Respectfully submitted,
FRANCESCO TADDEO, LLC
Attorneys for Defendant,
Plainfield Board of Education,
Anna Belin-Pyles, Scott
Buckholder and Jean Marie
Gordon


By:  /s/FRANCESCO TADDEO
      FRANCESCO TADDEO

Dated: December 1, 2015

13