NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| MICHAEL OMAN WASHINGTON, | : |
|  | : |
| Plaintiff, | : **Civil Action No. 15-1431 (SRC)** |
|  | : |
| v. | : **OPINION** |
|  | : |
| THE PLAINFIELD BOARD OF EDUCATION, ANNA BELIN-PYLES, SCOTT BUCKHOLDER, and JEAN MARIE GORDON, | : |
|  | : |
| Defendants. | : |

**CHESLER**, District Judge

This matter comes before the Court upon the motion to dismiss filed by the Plainfield Board of Education, Anna Belin-Pyles, Scott Buckholder, and Jean Marie Gordon ("Defendants"), pursuant to Federal Rule of Civil Procedure 12(b)(6) [Docket No. 13]. Plaintiff, Michael Oman Washington ("Plaintiff") has opposed the motion. For the reasons that follow, the Court will dismiss Plaintiff's Fair Labor Standards Act ("FLSA") cause of action for failure to state a claim upon which relief can be granted. This being the only federal claim in the case, the Court will, pursuant to 28 U.S.C. § 1367(c), decline to exercise supplemental jurisdiction over the remainder of the action, which will be dismissed for lack of subject matter jurisdiction.

1

I. **BACKGROUND**

Plaintiff, a teacher employed by the Plainfield Board of Education, brings this litigation because Defendants, school administrators and supervisors, allegedly retaliated against him for various activities undertaken in his role as a grievance chair for the Plainfield public school teachers' union. Among the conduct complained of, Plaintiff claims that Defendants removed him from the classroom and assigned him to the "Staff Training Room of the Board of Education Administration Building," referred to as the "rubber room," where he effectively did nothing for seven months. (Compl. ¶ 19.) Although the disciplinary measure was ostensibly undertaken because of Plaintiff's confrontation with, and resultant complaint submitted by, another teacher, Plaintiff avers that the real impetus behind the action was to coerce Plaintiff to withdraw two Unfair Labor Practice claims that he previously filed. Plaintiff also alleges that he was treated differently than his non-African-American co-workers due to his race, for example, because the other teacher involved in the incident, allegedly equally culpable, was never assigned to the "rubber room."

Plaintiff filed this Complaint on February 24, 2015, setting forth claims for retaliation under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 215(a)(3); retaliation under New Jersey's Conscientious Employee Protection Act ("CEPA"), *N.J.S.A.* § 34:19-1, *et seq.*; and racial discrimination in violation of the New Jersey Law Against Discrimination ("NJLAD"), *N.J.S.A.* § 10:5-1, *et seq*. Defendants have moved to dismiss all counts for failure to state a claim.

II. **MOTION TO DISMISS**

A complaint will survive a motion under Rule 12(b)(6) only if it states sufficient factual allegations, "accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)). "A

claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556.) While the Court must accept all factual allegations as true and construe the complaint in the light most favorable to the plaintiff, it need not accept a "legal conclusion couched as a factual allegation[.]" *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

In support of his claim for retaliation in violation of FLSA, Plaintiff recites that FLSA prohibits any person from discharging or in any other manner discriminating against an employee because that employee has engaged in protected conduct. (Compl. ¶ 31.) The protected conduct, however, must be "under or related to this chapter," 29 U.S.C. § 215(a)(3), and thus cannot be divorced from the underlying provisions of FLSA, which "establishes federal minimum-wage, maximum-hour, and overtime guarantees[.]" *Genesis Healthcare Corp. v. Symczyk*, 133 S.Ct. 1523, 1527 (2013). Plaintiff's allegations of retribution for allegedly protected union activity have no colorable relationship to the wage and hour requirements within the purview of FLSA. The Court sees no indication that, if given leave to amend the Complaint, this infirmity can be remedied. Accordingly, Plaintiff's claim for retaliation under FLSA will be dismissed with prejudice for failure to state a claim.

Because FLSA was the only federal cause of action in this case, this result eliminates the basis upon which this Court may exercise federal subject matter jurisdiction. Plaintiff's remaining claims arise under New Jersey state law, over which this Court has ancillary jurisdiction pursuant to 28 U.S.C. § 1367(a). Subsection (c) of this statutory provision, however, authorizes the Court to decline the exercise of supplemental jurisdiction once it dismisses "all claims over which it has

original jurisdiction . . . ." 28 U.S.C. § 1367(c)(3). In these circumstances, federal courts are, in fact, encouraged to avoid "[n]eedless decisions of state law[.]" *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966). Because the Court can ascertain no circumstances that would justify the exercise of jurisdiction over what is now a purely state law dispute, the Court will exercise its discretion to dismiss Plaintiff's state law claims for lack of subject matter jurisdiction.

### III.   CONCLUSION

For the foregoing reasons, the Court will grant Defendants' motion to dismiss. Plaintiff's FLSA claim will be dismissed pursuant to Rule 12(b)(6), with prejudice for failure to state a claim. The remainder of the Complaint will be dismissed for lack of subject matter jurisdiction, without prejudice. An appropriate Order will be filed.

       s/ Stanley R. Chesler
       STANLEY R. CHESLER
       United States District Judge

Dated:  January 20, 2016